UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AGRI EXOTIC TRADING, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **PATRIOT FINE FOODS, LLC, DOMINICK CACACE, MICHAEL CACACE, JOHN DOES 1-10, and RICHARD ROES 1-10,** <br><br> **Defendants.** | Civ. No. 2:22-CV-4898 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

Agri Exotic Trading, Inc., ("Plaintiff") initiated this action against defendants Patriot Fine Foods, LLC ("Patriot"), Dominick Cacace ("Dominick"), and Michael Cacace ("Michael") (collectively "Defendants") for claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a. Plaintiff filed this instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for default judgement is **GRANTED**.

    **I.**    **BACKGROUND**

Plaintiff is a New Jersey corporation and licensed dealer under the Perishable Agricultural Commodities Act ("PACA") and is engaged in the business in the business of selling wholesale quantities of perishable agricultural commodities. Compl. ¶¶ 1, 3, ECF No. 1. Defendant Patriot Fine Foods is a limited liability corporation with its principal place of business in Kearny, New Jersey. *Id.* at ¶ 4. On or about April 13, 2022, Dominick and Michael each entered into a Credit Application and Agreement and a Continuing Personal Guarantee ("Agreements") with Plaintiff on behalf of themselves and Patriot whereby Defendants agreed to be personally, jointly, and severally liable for all debts owed by Patriot to Plaintiff. *Id.* at ¶ 16. The Agreements also required Defendants to pay all costs of collection and reasonable attorneys' fees in connection with the transactions under PACA. *Id.* Between approximately June 4, 2022 and June 7, 2022, Plaintiff sold and delivered $4,065.00 worth of produce to Patriot. *Id.* at ¶ 10. Because Defendants received and accepted the produce, Plaintiff contends that it became a beneficiary in a statutory trust under PACA (the "PACA Trust"). *Id.* at ¶ 11. The invoices for these transactions also state that Patriot is required to pay interest on unpaid balances at the rate of 18% per year or the maximum statutory rate, whichever is higher. *Id.*

at ¶ 13. Plaintiff also claims that it timely preserved its interest in the PACA Trust as required by PACA, by including the requisite statutory language in the invoices delivered and signed by Defendants. *Id.* at ¶ 12; Compl. Ex. 2.

On July 13, 2022, Plaintiff, through counsel, sent a letter to Defendants demanding payment on all amounts due by July 20, 2022. *Id.* at ¶ 19. Defendants neither replied nor made any payments. *Id.* at ¶ 20. On August 3, 2022, Plaintiff filed a complaint to enforce payment from the PACA Trust. ECF No. 1. The complaint asserts 8 counts[1] against Defendants. Responses to the complaint were due on August 26, 2022, and after receiving no reply, Plaintiff filed a request for default on August 29, 2022, which the Clerk entered. ECF No. 4. On September 9, 2022, Plaintiff filed this present motion for default judgment. ECF No. 5. Defendants similarly filed no responses. Plaintiff asks this Court to award damages in the principal amount of $4,065.00 plus interest at the rate of 18% per year as well as $4.517.93 in attorneys' fees and costs for a total amount of $8,795.97.[2] *Id*.

## II.   DISCUSSION

Fed. R. Civ. P. 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J, 2008). Here, Defendants were properly served on August 5, 2022 with a copy of the summons, complaint, and civil cover sheet that was left with a competent household member, specifically Michael and Dominick's father. *See* ECF No. 3; Fed, R. Civ. P. 4(e).

Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the defendant and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emples. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 17-cv-11727, 2018 U.S. Dist. LEXIS 131529, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion

---

[1] Count 1 alleges failure to pay trust funds against all Defendants; Count 2 alleges failure to pay promptly against all Defendants; Count 3 alleges breach of contract against Patriot; Count 4 alleges breach of continuing personal guarantee against Dominick and Michael; Count 5 alleges unlawful dissipation of trust assets by a corporate official against Dominick and Michael; Count 6 re-alleges counts 1-5 against Roes; Count 7 re-alleges unlawful dissipation of trust assets by a corporate official against Roes; and Count 8 requests interest and attorneys' fees against all Defendants.

[2] The Court notes that Plaintiff mistakenly references a separate case in its motion for default judgment. Specifically, in David W. Fassett's certification in support of the motion, paragraph 5 states "I spoke with Chahal on the telephone, and Chahal gave me an email address to which I sent a demand letter and subsequent communications." In the letter brief, Plaintiff goes on to say that "Agri timely preserved its interest in the statutory trust established by PACA in the principal amount of $4,065.00 by delivering to *D Mart* invoices containing the requisite statutory language." (emphasis added). These references to Chahal and D Mart appear to come from a related case, *Agri Exotic Trading, Inc. v. D Mart Rutherford LLC*, No. 21-17794 (KM)(JBC), 2022 U.S. Dist. LEXIS 10632 (D.N.J. Jan. 20, 2022).

of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F,2d at 1181.

A. Jurisdiction

This Court has subject matter jurisdiction over this case because it presents a federal question under PACA. *See* 28 U.S.C. § 1331; 7 U.S.C. §499. The Court additionally has jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. §1367(a). Moreover, the Court may exercise personal jurisdiction over the Defendants. Patriot is a New Jersey limited liability corporation with its principal place of business in Kearny, New Jersey. *See* Compl. ¶ 4. Defendants Michael and Dominick are similarly residents of South Amboy, New Jersey. *Id.* at ¶¶ 5-6.

B. Cause of Action Established

Under PACA, "it is unlawful for buyers of produce, *inter alia*, to fail to make prompt payment for a shipment of produce." *Pac. Int'l Mktg., Inc. v. A & B Produce, Inc.*, 462 F.3d 279, 282 (3d Cir. 2006) (quoting *Idahoan Fresh v. Advantage Produce*, 157 F.3d 197, 199 (3d Cir. 1998); 7 U.S.C. § 499b(4). A buyer's failure to tender prompt payment triggers civil liability and the possible suspension or revocation of the buyer's PACA license. The PACA regulations define the time for prompt payment, which applies unless the parties agree otherwise in writing to different payment provisions prior to the transaction. *See* 7 C.F.R. § 46.2(aa). To create a trust under PACA, "a produce seller must provide the buyer with notice of its intention to preserve trust benefits." *Dimare Homestead, Inc. v. Klayman Produce Co.*, No. 12-2577, 2012 U.S. Dist. LEXIS 155711, at *3 (E.D. Pa. Oct. 31, 2012). Notice may be met by providing the following statutory language in an invoice of bill:

> The perishable agricultural commodities listed on this invoice are subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim

>over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. §499e(c)(4). Plaintiff alleges that it is licensed as a dealer under PACA and that on June 4 and June 7 of 2022, Plaintiff sold and delivered to Patriot $4,065.00 worth of produce. Compl. ¶¶ 3, 10. Plaintiff further contends that upon Patriot receiving and accepting the produce, Plaintiff became a beneficiary in a statutory trust under PACA and that Plaintiff timely preserved its interest in the PACA trust in delivering the produce and inserting the requisite statutory language in the invoices that Patriot signed. *Id.* at ¶¶ 11-12. Finally, Plaintiff alleges that Michael and Dominick signed the Agreements, which render them personally, jointly, and severally liable for all debts owed by Patriot to Plaintiff. *Id.* at ¶ 16. Accordingly, Plaintiff has sufficiently pled PACA claims for failure to pay trust funds and to make full payment promptly (Counts 1 and 2). *See Eagle Fruit Traders, LLC v. Ultra Fresh, LLC*, Co., No. 18-14541, 2019 U.S. Dist. LEXIS 191687 (D.N.J. Nov. 4, 2019).

Plaintiff has also sufficiently alleged a claim against Michael and Dominick for the unlawful dissipation of trust assets under PACA (Count 5). Compl. ¶¶ 35-39. "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA." *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 166 (3d Cir. 2010) (emphasis omitted) (quoting *Golman-Hayden Co. Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000)). Plaintiff alleges both Michael and Dominick occupy "a position of control over the PACA Trust assets belonging to Plaintiff." Compl. ¶¶ 5-6. The complaint also alleges that both Michael and Dominick signed the Agreements, which holds them personally, jointly, and severally liable for all debts owed by Patriot to Plaintiff and requires them to pay all costs of collection, including accrued interest, court costs, and reasonable attorneys' fees in connection with the transactions under the PACA Trust. *Id.* at ¶ 16; Ex. 4. The Court finds these allegations sufficient to support finding Michael and Dominick personally liable for the dissipation of the PACA Trust assets.

Finally, the Court finds Plaintiff has set forth a legally sufficient claim of breach of contract (Count 3) and breach of continuing personal guarantee[3] (Count 4). To establish a breach of contract under New Jersey law, Plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir.2007) (internal citation omitted). Under New Jersey law, a contract for the sale of goods "may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." N.J. Stat. Ann. § 12A:2-204(1). The complaint alleges specific facts showing that Defendants entered into a valid and enforceable contract when they signed the invoices for the produce as well as the

---

[3] The Court will treat this claim as a breach of contract as it was part of the Credit Application and Agreement Michael and Dominick signed and allegedly breached.

Agreements. Under the terms of the invoices, Defendants were required to pay "interest on unpaid balances at the rate of 18% per year of the maximum statutory rate, whichever is higher, plus all attorneys' fees, costs and expenses incurred in collecting such balances, as additional sums owing in connection with the sales under the PACA Trust." Compl. Ex. 2. Furthermore, under the terms of the Agreements Michael and Dominick agreed to "personally, jointly, and severally guarantee payment of all past, present, or future indebtedness of [Patriot] to the [Plaintiff]." *Id.* at Ex. 4. Despite Defendants acceptance of the produce, terms of the invoices, and terms of the Agreements, Plaintiff alleges that Defendants failed to timely pay for principal amount of $4,065.00. *Id.* at ¶¶ 10-11, 14, 16, 20.

### C. Whether The Entry of Default Judgment Would Be Proper

Defendants have no meritorious defense based on the limited record before the Court. *See e.g.*, *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 U.S. Dist. LEXIS 115142 at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). Defendants were properly served on August 5, 2022, and failed to appear, defend, or otherwise respond to the complaint. Plaintiff is clearly prejudiced by Defendants' failure to respond as it has been prevented from prosecuting its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, 2012 U.S. Dist. LEXIS 95135, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Similarly, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia*, 2011 U.S. Dist. LEXIS 115142 at *4. In this case, there is nothing before the Court to show that Defendants' failure to respond was not willfully negligent. *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 U.S. Dist. LEXIS 16531 at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

### D. Damages

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for $ 4,065.00, the principal amount of damages resulting from the failure to pay for the produce delivered, as well as $204.47 in interest[4]. Compl. Exs. 2-3. With respect to attorneys' fees and costs, the Court is satisfied with Plaintiff's analysis, however, the Court will remove $160 from the fees as it appears Plaintiff's counsel billed 0.40 hours for work done on April 15, 2022, well before the disputed transaction in this case occurred. Fasset Cert.

---

[4] The interest was calculated by multiplying the daily rate of $2.004 ($4,065 x 18% divided by 365) by 102, the number of days between July 20, 2022 (the date Plaintiff demanded by letter that Defendants pay all amounts owed) and November 1, 2022 (date of this Opinion and accompanying Judgment and Order).

Ex. A. Plaintiff based its calculations on a rate of $400 per hour, for 9.6 hours, which the Court finds reasonable and proportionate. *Id.* Plaintiff has also adequately documented its attorneys' fees, which do not seem unreasonable or disproportionate. This results in a total of $4,357.93 in attorneys' fees and costs and a total judgment amount of $8,627.04.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. Judgment shall be entered against Defendants, jointly and severally, for damages in the amount of $8,627.04.

An appropriate Order shall follow.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 1, 2022**