UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGRI EXOTIC TRADING, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATRIOT FINE FOODS, LLC, DOMINICK CACACE, MICHAEL CACACE, JOHN DOES 1-10, and RICHARD ROES 1-10, <br><br> Defendants. | Civ. No. 2:22-CV-4898 (WJM) <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Agri Exotic Trading, Inc., ("Plaintiff") moves pursuant to Federal Rule of Civil Procedure 69 to hold defendants Patriot Fine Foods, LLC ("Patriot"), Dominick Cacace ("Dominick"), and Michael Cacace ("Michael") (collectively "Defendants") in contempt of Court for failure to obey this Court's Order on March 2, 2023. ECF No. 9. For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

The Court assumes familiarity with the facts of this matter, as discussed in the Court's previous Opinion on November 1, 2022, and will only discuss the relevant facts below. A default judgment order was entered against Defendants by this Court on November 1, 2022. On March 2, 2023, this Court entered an Order granting Plaintiff's motion to enforce information subpoenas served on Defendants. ECF No. 9. Defendants have not made any appearances nor replied to the complaint, motion for default, or previous Court orders. The complaint was served by leaving papers "with a competent household member over 14 years of age, specifically, Nick Cacace, who identified himself as Dominick's and Michael's father." ECF No. 3, Ex. A. The March 2, 2023, Order was served on Defendants via certified and regular mail sent to Defendants' last known address and was signed by "Nicholas Cacace." ECF No. 10, Ex. B. The deadline for compliance with the information subpoenas expired on March 15, 2023. Plaintiff in this instant action asks this Court to issue arrest warrants for both Dominick Cacace and Michael Cacace as a result of their failure to comply with the March 2, 2023 Order. ECF No. 10. Defendants have similarly not responded to this pending motion.

### II. DISCUSSION

A. Fed. R. Civ. P. 69

In seeking to have Defendants held in contempt, arrested, and incarcerated in order to compel compliance with the Court's March 2, 2023 Order, Plaintiff relies on Federal Rule of Civil Procedure 69. However, Rule 69 is not the appropriate vehicle for the form of relief that Plaintiff seeks. Rule 69(a)(1) provides: "A money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Plaintiff argues that New Jersey procedure authorizes the Court to order incarceration; however, the Court need not look to New Jersey Law. Rule 69 is directed at enforcement of a judgment for the payment of money, rather than a judgment that requires a party to perform a "specific act," which is governed by Fed. R. Civ. P. 70, discussed *infra*. *See Bd. of Comm'rs of Stark Cnty., OH v. Cape Stone Works Inc.*, 206 F. Supp. 2d 100, 102 (D. Mass. 2002); *accord LM Ins. Corp. v. Jamali Devs., LLC*, No. 16-6071, 2018 WL 340037, at *1 (D.N.J. Jan. 9, 2018). Here, since Plaintiff requests the imposition of sanctions in order to compel specific acts—compliance with post-judgment discovery rather than to enforce a money judgment—Rule 69 is inapplicable.

B. Fed. R. Civ. P. 70.

Fed. R. Civ. P. 70 states that a court may "hold the disobedient party in contempt" and provides "the authority to order a party who refuses to comply with a final judgment to perform specific acts necessary to effectuate the judgment." *United States v. Hull*, No. 09-1303, 2017 WL 5986961, at *1 (D.N.J. Nov. 30, 2017). To show civil contempt, the movant must establish by clear and convincing evidence that: "(1) [] a valid court order existed; (2) [] the defendants had knowledge of the order; and (3) [] the defendants disobeyed the order." *Roe v. Operation Rescue*, 919 F.2d 857, 870-71 (3d. Cir. 1990) (internal quotations omitted); *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philia.*, 47 F.3d 1311, 1326 (3d Cir. 1995); *see also Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). "[A]ll ambiguities must be resolved in favor of the party charged with contempt." *Int'l Union of Operating Eng'rs Local 825 Emple. Benefit Funds v. Arts Landscaping*, No. 16-2059, 2017 WL 5260781, at *2 (D.N.J. Nov. 13, 2017) (citing *Harris*, 47 F.3d at 1326; *Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009)). Each of the three elements of contempt is examined below.

Where civil contempt is warranted, the court "may impose a wide range of sanctions, including incarceration, fines, or a reimbursement of costs to the complainant." *Shulman v. Chromatex, Inc.*, No. 08-0229, 2012 WL 3289006, at *3 (M.D. Pa. Aug. 10, 2012); *Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991) ("a court may order a contemnor imprisoned until such time as the contemnor complies with the court's directives.")

1. Contempt as to Patriot Fine Foods

The March 2, 2023 Order is a valid order of the Court authorizing post-judgment information subpoenas. *See Cupolex Bldg. Sys., USA, LLC v. Varsity Slab Sols.*, No. 16-3200, 2018 WL 4922363, at *3 (D.N.J. July 6, 2018) ("A subpoena is a valid order of the court."

2

(citing *Waste conversion, Inc. v. Rollins Environmental Services*, 893 F.2d 605, 608-09 (3d Cir. 1990)). Second, Plaintiff has presented clear and convincing evidence that Defendant Patriot Fine Foods was served with the order referenced above. While courts are divided about whether personal service is required for a subpoena to be valid, *see N.J Bldg. Laborers Statewide Benefit Funds v. Torchio Bros.*, No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009) (collecting cases), or whether service by certified mail is "sufficient to establish knowledge under the contempt prongs," *Arts landscaping*, 2017 WL 5260781, at *3, here, the information subpoenas were served via certified mail. There is no lack of proof of service or defect in type of service with respect to Patriot Fine Foods. Finally, the third element required to establish contempt is satisfied. Patriot Fine Foods failed to submit any responses or provide post-judgment discovery as ordered in the Court's March 2, 2023 Order.

"Once the Petitioner has established by clear and convincing evidence that Respondent has violated a Court order, the burden shifts to the Respondent to offer proof beyond 'a mere assertion of inability' to comply." *Torchio Bros. Inc.*, 2009 WL 368364, at *3 (citing *Harris*, 47 F.3d at 1324 (internal citations omitted)); *Sec'y of Labor V. Altor Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019). To date, Defendants have failed to respond or comply with the Court's March 2, 2023 Order. Thus, Plaintiff's motion to hold Patriot Fine Foods in contempt is **GRANTED**.

Accordingly, the Court will impose a civil contempt fine to coerce Patriot Fine Foods into make good and full-faith efforts to comply with its discovery obligations. *See McDonald's Corp. v. Victory Inv.*, 727 F.2d 82, 87 (3d Cir. 1984) ("civil contempt may be employed to coerce the defendant into compliance with the court's order."). In exercise of its discretion, the Court will impose a civil fine of $100 per day. Moreover, the fine shall be payable to the Court until the contempt is purged. *See e.g., Shulman,* 2012 WL 3289006, at *3 (noting that "fine may be payable to the court" and ordering defendants in civil contempt pay a per day fine to the court until discovery responses are provided).

### 2. Contempt as to Michael and Dominick Cacace

Plaintiff also seeks to hold in contempt the individual Defendants, Michael and Dominick Cacace as corporate officers of Patriot Fine Foods. However, a corporate officer "must be given notice that he personally stands in jeopardy of being held in contempt, notwithstanding that he has actual knowledge of contempt proceedings instituted against the corporation he represents." *Remington Rand Corp.-Delaware v. Bus. Sys., Inc.*, 830 F.2d 1256, 1257 (3d Cir. 1987). "Due process requires that, before one is subjected to a court's contempt power, one is entitled to notice that he is being so charged." *Id.* at 1258 (citing *In re Oliver*, 333 U.S. 257, 275 (1948)); *Torchio Bros., Inc.*, 2009 WL 368364, at *1 ("Before a finding of contempt, a court must afford the Respondent due process rights of notice and opportunity to be heard.") (citing *Harris*, 47 F.3d at 1322)). Thus, due process demands that Michael and Dominick Cacace be informed that they personally stand in jeopardy of being incarcerated for civil contempt. Even though the complaint was left with their father and the March 2, 2023 Order was sent via certified mail, such service does not constitute clear and convincing evidence that Michael and Dominick Cacace knew they were personally subject to being held in contempt. Accordingly, to ensure that Michael and Dominick Cacace are

afforded proper notice and opportunity to be heard on whether they should personally be held in contempt and because the Court chooses to tread carefully given that the potential remedy is incarceration, Plaintiff's motion to hold Michael and Dominick Cacace in contempt is **DENIED WITHOUT PREJUDICE.**

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion to hold Defendants in contempt is **GRANTED** in part and **DENIED** in part. Defendant Patriot Fine Foods is in contempt of court and ordered to pay to the Clerk of Court for the United States District Court of New Jersey a coercive fine of $100 per day commencing on the date of this accompanying Order until it purges itself of its contemptuous conduct. Plaintiff's request for Michael and Dominick Cacace's arrest and incarceration is **DENIED WITHOUT PREJUDICE.**

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date:  April 24, 2023

4