UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGRI EXOTIC TRADING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PATRIOT FINE FOODS, LLC, DOMINICK CACACE, MICHAEL CACACE, JOHN DOES 1-10, and RICHARD ROES 1-10,<br><br>Defendants. | Civ. No. 2:22-CV-4898 (WJM)<br><br>OPINION |

## WILLIAM J. MARTINI, U.S.D.J.

Agri Exotic Trading, Inc., ("Plaintiff") moves pursuant to Federal Rule of Civil Procedure 69 to hold defendants Dominick Cacace ("Dominick"), and Michael Cacace ("Michael") (collectively "Defendants") in civil contempt of Court for failure to obey this Court's Order on March 2, 2023. ECF No. 9. Plaintiff also requests this Court issue a warrant to arrest the Defendants and award additional contractual interest accrued and reasonable attorneys' fees. For the reasons set forth below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

### I.   BACKGROUND

The Court assumes familiarity with the facts of this matter, as discussed in the Court's previous Opinion on November 1, 2022 and on April 24, 2023, and will only discuss the relevant facts below. ECF Nos. 6, 11. A default judgment order was entered against Defendants by this Court on November 1, 2022. On March 2, 2023, this Court entered an Order granting Plaintiff's motion to enforce information subpoenas served on Defendants. ECF No. 9. Defendants have not made any appearances nor replied to the complaint, motion for default, or previous Court orders. The complaint was served by leaving papers "with a competent household member over 14 years of age, specifically, Nick Cacace, who identified himself as Dominick's and Michael's father." ECF No. 3, Ex. A. The March 2, 2023, Order was served on Defendants via certified and regular mail sent to Defendants' last known address and was signed by "Nicholas Cacace." ECF No. 10, Ex. B. The deadline for compliance with the information subpoenas expired on March 15, 2023.

In response to this Court's Opinion and Order on April 24, 2023, Plaintiff has included affidavits of service confirming that Defendants were personally served on May 11, 2023, with the information subpoenas, this Court's March 2, 2023 Order, and this Court's April 24, 2023 Order and Opinion. *See* ECF No. 13, Exs. A, B. The affidavits of service also indicate

that both Defendants identified themselves verbally by name and indicated they were aware of the litigation. On June 16, 2023, Plaintiff filed a supplemental certification in support of its motion indicating that the Defendants contacted Plaintiff's counsel on June 5, 2023. *See* ECF No. 15. Defendants acknowledged to Plaintiff's counsel that they received the renewed contempt motion and expressed a desire to resolve the matter. *Id.* Plaintiff's counsel called Defendants the following day, June 6, 2023, and conveyed a proposal settlement to Dominick which was conditioned on Defendants complying with the information subpoenas. *Id.* Dominick indicated he would speak with Michael and call Plaintiff's counsel back the following day. *Id.* Plaintiff's counsel certifies that he has not heard from the Defendants since their June 6, 2023, conversation and he has left them several voicemails to no avail. *Id.* Plaintiff again asks this Court to issue arrest warrants for both Dominick Cacace and Michael Cacace as a result of their failure to comply with the March 2, 2023 Order. ECF No. 10. Defendants have again not responded to this pending motion.

## II.   DISCUSSION
### A. Fed. R. Civ. P. 69

In seeking to have Defendants held in contempt, arrested, and incarcerated in order to compel compliance with the Court's March 2, 2023 Order, Plaintiff relies on Federal Rule of Civil Procedure 69. However, Rule 69 is not the appropriate vehicle for the form of relief that Plaintiff seeks. Rule 69(a)(1) provides: "A money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Plaintiff argues that New Jersey procedure authorizes the Court to order incarceration; however, the Court need not look to New Jersey Law. Rule 69 is directed at enforcement of a judgment for the payment of money, rather than a judgment that requires a party to perform a "specific act," which is governed by Fed. R. Civ. P. 70, discussed *infra*. *See Bd. of Comm'rs of Stark Cnty., OH v. Cape Stone Works Inc.*, 206 F. Supp. 2d 100, 102 (D. Mass. 2002); *accord LM Ins. Corp. v. Jamali Devs., LLC*, No. 16-6071, 2018 WL 340037, at *1 (D.N.J. Jan. 9, 2018). Here, since Plaintiff requests the imposition of sanctions in order to compel specific acts—compliance with post-judgment discovery rather than to enforce a money judgment—Rule 69 is inapplicable.

### B. Fed. R. Civ. P. 70.

Fed. R. Civ. P. 70 states that a court may "hold the disobedient party in contempt" and provides "the authority to order a party who refuses to comply with a final judgment to perform specific acts necessary to effectuate the judgment." *United States v. Hull*, No. 09-1303, 2017 WL 5986961, at *1 (D.N.J. Nov. 30, 2017). To show civil contempt, the movant must establish by clear and convincing evidence that: "(1) [ ] a valid court order existed; (2) [ ] the defendants had knowledge of the order; and (3) [ ] the defendants disobeyed the order." *Roe v. Operation Rescue*, 919 F.2d 857, 870-71 (3d. Cir. 1990) (internal quotations omitted); *John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philia.*, 47 F.3d 1311, 1326 (3d Cir. 1995); *see also Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir.

2003). "[A]ll ambiguities must be resolved in favor of the party charged with contempt." *Int'l Union of Operating Eng'rs Local 825 Emple. Benefit Funds v. Arts Landscaping*, No. 16-2059, 2017 WL 5260781, at *2 (D.N.J. Nov. 13, 2017) (citing *Harris*, 47 F.3d at 1326; *Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009)).

Where civil contempt is warranted, the court "may impose a wide range of sanctions, including incarceration, fines, or a reimbursement of costs to the complainant." *Shulman v. Chromatex, Inc.*, No. 08-0229, 2012 WL 3289006, at *3 (M.D. Pa. Aug. 10, 2012); *Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991) ("a court may order a contemnor imprisoned until such time as the contemnor complies with the court's directives.")

1. Contempt as to Michael and Dominick Cacace

Plaintiff seeks to hold in contempt the individual Defendants, Michael and Dominick Cacace as corporate officers of Patriot Fine Foods. As the Court previously noted in its April 24, 2023 Opinion, a corporate officer "must be given notice that he personally stands in jeopardy of being held in contempt, notwithstanding that he has actual knowledge of contempt proceedings instituted against the corporation he represents." *Remington Rand Corp.- Delaware v. Bus. Sys., Inc.*, 830 F.2d 1256, 1257 (3d Cir. 1987). "Due process requires that, before one is subjected to a court's contempt power, one is entitled to notice that he is being so charged." *Id.* at 1258 (citing *In re Oliver*, 333 U.S. 257, 275 (1948)); *Torchio Bros., Inc.*, 2009 WL 368364, at *1 ("Before a finding of contempt, a court must afford the Respondent due process rights of notice and opportunity to be heard.") (citing *Harris*, 47 F.3d at 1322)).

Prior to issuing a warrant for Defendants' arrest, the Court will provide Defendants a final opportunity to be heard and explain their failure to comply with this Court's previous orders. The Court has reached its limit with Defendants' inability to comply with this Court's previous Orders. A hearing on the Order to Show Cause as to why this Court should not issue an order holding Defendants in civil contempt will take place on Wednesday, September 6, 2023 at 1:00 PM before the Undersigned in Courtroom 4B, United States Courthouse, 50 Walnut Street, Newark, New Jersey. If Defendants fail to appear, an order holding Defendants in civil contempt and a warrant for their arrest will be issued. The briefing schedule is set forth in the accompanying Order.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to hold Defendants in contempt is **DENIED WITHOUT PREJUDICE**

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: July 27, 2023